UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRANK PELLEGRINO,

                             Plaintiff,

    v.                                               Civil Action No. _____

GC SERVICES LIMITED
PARTNERSHIP,

                             Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Frank Pellegrino is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant GC Services Limited Partnership, (hereinafter "GC Services") is a foreign limited partnership organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff Pellegrino incurred a student loan debt to New York Higher Education Services Corporation in order to attend Erie Community College. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That Defendant GC Services was then employed by the account holder to collect the subject debt.

13. That Plaintiff subsequently entered into a rehabilitation agreement with Defendant GC Services in or about January of 2008. To facilitate the payment process, Plaintiff authorized Defendant to submit a postdated check in the sum of $75 to his banking institution each month. Beginning in or about January of 2008 until in or about July of 2008, pursuant to Plaintiff's authorization, Plaintiff submitted a check for $75 each month to Plaintiff's banking institution.

14. That in or about August of 2008 Plaintiff could no longer afford making payments on the subject debt.

15. That on or about August 11, 2008, Plaintiff notified Defendant that he was unemployed and could no longer make regular payments. Thereafter, Plaintiff withdrew his authorization for Defendant to submit postdated checks to his banking institution and directed Defendant to refrain from making submission of such checks to his banking institution.

16. That in or about November of 2008, Plaintiff discovered that contrary to his express direction, Defendant nevertheless had submitted checks to his banking institution for $75.00 to his banking institution beginning in or about September of 2008 until in or about October of 2008. As a direct result of Defendant's actions, Plaintiff incurred overdraft penalty fees.

17. That Defendant did not provide Plaintiff with any written notification of their intent to submit checks to his banking institution prior to their submission of same for the months of September through November of 2008.

18. Plaintiff immediately called Defendant to question the propriety of their check submissions to his bank.  Defendant responded by denying any wrongdoing and instead accused Plaintiff of committing check fraud.

19. That in or about November of 2008, Plaintiff entered into a new rehabilitation agreement with Defendant to make monthly payments of $75.

20. That although Defendant already possessed Plaintiff's correct contact information, they nonetheless proceeded to call Plaintiff's parents on two occasions on the same day.

21. That on or about December 28, 2008, Defendant made yet another telephone call to Plaintiff to berate him for being delinquent with his payment. When Plaintiff reminded Defendant that the next payment would not be due until January 5, 2009, Defendant falsely replied that the payment was past due.

22. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

23. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

24. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(7), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f, by engaging in deceptive conduct by falsely accusing Plaintiff of committing a crime in order to disgrace him, by falsely accusing him of check fraud, by falsely stating that he was delinquent in making payment under the terms of the new rehabilitation agreement, and by otherwise engaging in unfair or unconscionable means to collect or attempt to collect the alleged debt as described above in this Complaint.

    B. Defendant violated 15 U.S.C. §1692c(b), 15 U.S.C. §1692d, 15 U.S.C. §1692b(1) and 15 U.S.C. §1692b(3) by calling Plaintiff's parents on multiple occasions and for purposes other than obtaining contact information for Plaintiff.

    C. Defendant violated 15 U.S.C. §1692f(2) and 15 U.S.C. §1692f(4) by failing to provide Plaintiff with written notice prior to their deposit of his postdated checks as required by those statutes.

    D. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f by presenting Plaintiff's postdated checks to his banking institution for payment after Plaintiff had specifically withdrawn his authorization for them to do so.

    E. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by accusing Plaintiff of check fraud and by berating him for allegedly not complying with his payment plan.

25. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: March 6, 2009

/s/Kenneth R. Hiller
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
       ajordan@kennethhiller.com